Andre Antonio Davis
P.O. Box  551329
GASTONIA, NC 28054

Plaintiff in Pro Per

FILED
CHARLOTTE, NC

SEP 30 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Andre Antonio Davis | ) Case No: 3. 20 cv 542 -FDW |
| | ) |
| Plaintiff | ) **BIVENS ACTION** |
| vs. | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF** |
| | ) **CIVIL AND CONSTITUTIONAL** |
| KNOW & UNKNOWN AGENTS OF ) | **RIGHTS** |
| DEPARTMENT OF VETERANS | ) |
| & | ) |
| AGENTS OF DEPT. HOMELAND | ) **DEMAND FOR JURY TRIAL** |
| SECURITY & SUPPORTING | ) |
| GOVERNMENT AGENTS | ) |
| | ) |
| Defendants | ) |

**JURISDICTION**

1.    This is a civil action brought for violations of the Fourth, Fifth and Fourteenth

Amendments to the United States Constitution pursuant to Bivens v. Six Unknown

Named Agents of the Federal Bureau of Narcotics, 403 U. S. 388 (1971) and  Sections

1

28 U. S. C. 1331, 18 U.S.C. Section 1030(a)(2)(C), 18 U. S. C. section 1001, and this court has jurisdiction and venue pursuant 28 U. S. C. Sections 1332,1367 and 1391.

## PARTIES

2.     At all relevant times, Plaintiff was a citizen of the United States and a Honorable discharged Veteran that served in the U. S. Marine Corps. during the Gulf War Era and resident of Gastonia, North Carolina.

3.     The Defendant(s) agents of the UNITED STATES OF AMERICA, acting under their individual capacities.  The Defendants is liable for constitutional deprivations visited upon Plaintiff under Bivens Action. Donald J. Trump (President of the United States of America), Senior Advisor to the President Jared Kushner, (Advisor to the President) Ivanka Trump,  (The National Security)  Advisor Robert  C. O' Brien, (Attorney General United States Department of Justice) William Barr,  (Head of FISA Court Chief Justice James Boasberg, (Chief Justice) John G. Rogers, (Department of Defense Secretary of Defense) Dr. Mark T. Esper, (Federal Communications Commission) Ajit Pai Chairman, (Substance Abuse and Mental Health Service Adminstration SAMHSA, Adminstrator)  Elinore McCance-Katz (Director of the Federal Bureau of Investigation ) Chris A. Wray "Director",  (Defense Intelligence Agency)  Ltg. Robert P. Ashley Jr., (NASA National Aeronautics and Space Administrator Jim F. Bridenstine), (Shaw Air Force Base Colonel Lawerance T. Sullivan), (DARPA Defense Advanced Research Defense Advanced Projects Agency) Dr. Peter Hignam Acting Director, (DARPA Director) Dr. Victoria Coleman,  (National Security Agency of U. S. Cyber Command) and "Director" Central Security Service) General Paul M. Nakasone,

(United States Space Force/United States Space Force Command Chief of Space Operations) General John Raymond, (Department of Transportation U. S. Secertary of Transportation) Elaine Chao, (Federal Aviation Adminstration) Stephan Dickson, (National Highway Traffic Safety Administrator) James Owens, (Federal Highway Administration) Nicole Nason, (Federal Motor Carrier Safety Administration) Raymond P. Martinez, (Federal Railroad Administration) Ronald Batory, (Federal Transit Administration), K. Jane Williams, (Department of Energy) Dan Brouillette, (Department of Homeland Security Acting Secretary) Chad F. Wolf, (Department of Homeland Security Acting Director) Ken Cuccinelli, (Senator North Carolina) Bill Burr (Joint Non-Lethal Weapons Program Technology Division Chief) David Law, (Secretary of the U.S. Veterans Affairs) Robert L. Wilkie, (Department of Veterans Affairs Regional Office, Winston Salem, N.C., Director) Mark M, Bilosz, Department of Veterans Affairs, W.G. Bill Hefner Medical Center, Salisbury, N.C. & South Charlotte Medical Center, Charlotte, N.C., Director) Joseph Vaughn, (W.G. Bill Hefner VA Medical Center Assistant Director) Ronald J. Maurer, (W.G. Bill Hefner VA) Dr. James Plunkett, (W.G. Bill Hefner VA Medical Center Associate Director) Lily Haken, (W.G. Bill Hefner VA Medical Center Head Chief Emergency Room) Dr. John Hobbs, (W.G. Bill Hefner VA Medical Center Head of Nursing/Patience Services) Elizabeth Stroup, (W.G. Bill Hefner VA Medical Center FOIA Officer) Terrell E. Hughly, (W.G. Bill Hefner VA Medical Center General Medicine) Dr. Falguni D. Patel, (W.G. Bill Hefner VA Medical Center Orthopedic Surgeon) Dr. Jeffery Burns, ( W.G. Bill Hefner VA Medical Center R. N. ) Joan R. Hodge e (W.G. Bill Hefner VA Medical Center Community Care Supecrvisor) Mary Kelly, (W.G. Bill Hefner VA Medical Center

3

Community Care Coordinator) Felica Hood,  (W.G. Bill Hefner VA Medical Center

Community Care Coordinator) Shanae     Knox (W.G. Bill Hefner VA Medical Center

Community Care Coordinator) Felica Rayford,   (W.G. Bill Hefner VA Medical Center

Community Care Coordinator) Rhonda Butler, (W.G. Bill Hefner VA Medical Center

Community Care Coordinator), (W.G. Bill Hefner VA Medical Center Community Care

Coordinator), (South Charlotte VA Medical Center  Patient Advocate) Valerie Bennett,

(South Charlotte HCC Adminstrator) Dave Collins, ( South Charlotte VA Associate

Director) Pam Malatestinic, (South Charlotte VA Medical Center Psychiatrist) Dr. Joseph

Godfrey, (South Charlotte VA Medical Center Orthopedic Surgeon) Dr. Steven Larsen,

(South Charlotte VA Medical Center Primary Care) Dr. Surindra J. Singh, (South

Charlotte VA Medical Center Otolaryngology/Head and Neck Surgery, MD) Joshua B.

Surowita,  (South Charlotte VA Medical Center Eye Clinic, O.D.) Elizabeth Ann Cody,

(South Charlotte VA Medical Center VA Police) Jamu K. Sanders, (South Charlotte VA

Medical Center VA Police)  Terrance Bowins, (South Charlotte VA Medical Center MRI

Technologies Supervisor) Danny Witt, and (South Charlotte VA Medical Center MRI

Technologies Tech.) Ron Wheaton.

**FACTS**

4.    (COLLECTIVELY, "THE DEFENDANTS") DAVIS sue the Defendants all of

whom are federal employees was acting under their individual capacities known and

unknown agents. After having a bad fall  and rushed to outside hospital in August 16,

2018 at South Charlotte VA the doctors, nurse and adminstrators collectively and

deceptively was stonewalling medical services and fabricating medical records making it

4

seem like I could not think totally think for myself when I informed doctors it was the vertigo and police reports an in a attempt to cover-up the incident denying plaintiff appointments right after the fall repeatedly fabricated they tried to call plaintiff which is not true and only started to want to see plaintiff was after the statue of limitations ran out from the fall incident using their high positions of authority to take advantage of plaintiff. Plaintiff made attepts to make a compliant to the patient advocate and foia officers and they follow up but they sided with the VA instead of being impartial plaintiffs. Defendants are huge organizations with abundant reasources and personal intended to battery, humiliated, shame and deprived of due process and equal protection under the law. Six months afterwards was getting extremed bullied, battery, tracked harrassed attempts to run off the road and pick fights and verbal swearings by agents working Department of Homeland Security & the Departent of Veterans Affairs as a secret police force working under Qui Tam doctrine and the False Claims Act in the streets and at the VA Hospital repeatedly holding plaintiff in a constant moving arrest and confinment detention everywhere planitiff go 24 hrs 7 days a week for over a year and halve and this is what brings plaintiff in front of the court today the practices and procedures and abuses of VA doctors and staff and known and unknown government agents. Note: the Department of Veterans Affairs will be listed as VA throughout this brief.

5.    At all times relevant and material to this complaint, all the Defendents were acting under the color of state law.

# FIRST CAUSE OF ACTION

## (Intentional Inflication of Emotional Distress)

5

6.   Plaintiff reallege and incorporate by reference all of the preceding paragraphs

7.   Defendants known and unknown governmental agents and the Department of Homeland & VA intended to commit intentional infliction of emotional distress.  Courts have held that  a defendant that commits three conditions 1) defendant engaged in extreme and outrageous conduct, 2) the conduct was intended to cause severe emotional distress to the plaintiff and 3) the defendants conduct in fact caused severe emotional distress to another.  Defendants intentional infliction of emotional distress is intentional physical and mental anguish that cause injury.  Defendants intentional inflictional of emotional distress recklessly conducted mob attacks repeatly and consistently deprivations and restrictions of movement causing  loss of sleep, anxiety, fatigue and depression cause plaintiffs injuries.  Dependants is liable for intentional  inflictional of emotional distress.

8.   Defendants owe damage in an amount exceeding 75,000 dollars for plaintiff injury.  Defendants is liable for damages.

9.  Defendants known and unknown governmental agents and the Department of Homeland & VA intended to commit intentional or reckless.  Intentional is with respect to a result or to a conduct a conscious objective. Reckless is the person knew (or should have known) that his or her action were likely to cause harm.  Defendants intentional and reckless was forthright and conscious of the behaviors being convey would substantiate a tragic outcome in an extremely callous ruthless acts causing injury to plaintiff. Defendants is liable for intentional and reckless.

6

10.    Defendants owe damages punitive and compensatory including attorneys fees for plaintiff injury.  Defendants is liable for damages.

11.    Defendants known and unknown governmental agents and the Department of Homeland & VA intended to commit causation.  Causation is a means of connecting conduct with a resulting effect, typically an injury.  Defendants causation was the actual interventions  includes organized, harrasment, intimidation, gaslightling, street theater and a whole host of psyshological & physical attacks that cause plaintiff to be injuried. Defendants is liable of causation.

12.    Damages owe damages in a amount greater than 75,000 for plaintiff injury. Defendants is liable for damages.

13.    Defendants known and unknown governmental agents and the Department of Homeland & VA intended to commit proximate. Proximate is one that the law recognizes as the primary cause of the injury. It may not be the first event that set in motion a sequence of events that led to an injury. Defendants proximate cause of extreme repetitious organized targeted mob bullying agents battery in the street to the mental punishment from authoritive figures in the VA in cohoots with Homeland Security and Qui Tam to deny due process of the law. Defendant is liable for proximate.

14.    Defendants owe for damages against plaintiff  the amount including punitive damages for plaintiff injuries. Defendants is liable for damages.

15.    Defendants known and unknown governmental agents and the Department of Homeland & VA intended to commit severe emotional distress. Severe emotional distress

7

is any emotional or mental disorder. Defendants repetitive bullying actions caused a severe reaction causing plaintiff injury. Therefore, defendants liable severe.

16.    Defendants owe damagesr injury and defendants is liable for damages in a amount greater than 75,000 dollars for plaintiff injury.

17.    Defendants known and unknown governmental agents and the Department of Homeland & VA intended to commit extreme and outrageous. Extreme and outrageous is conduct is outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. Defendants extreme and outrageous conduct consist of 24 hours a day 7 days a week maximum extreme security via governmental agencies, known and unknown agents Department of Homeland Security satellite surveillance, vehicle tracked and viewed inside vehicle with Onstar, and the cars on board computer and systems via radio frequency injected with malicious code, imprisonment by cellphone and electronics including, via city smart grid surveillance, been ran off the road, bullied, assaulted and called racial epithets and I am a "black man" by racist in these programs 3 white men told me "nigger you cannot run", another said, "niggers can run but they can't out run the Department Homeland Security we guard this gas station and niggers", and other derogatory terms including extremes of mob bullying and gestappo tactics everywhere plaintiff commuted bullied in any town by thousands of know and unknown agents and the Homeland Security & VA in each town with no means of escape caused plaintiffs injuries. Defendants is liable for extreme and outrageous behavior. Defendants is liable for extreme and outrageous conduct.

8

18.     Defendants owe damages and punitive damages for injury to plaintiff in a amount greater than 75,000 dollars for plaintiff injury. Defendants is liable for damages.

19.     Defendants intended to commit strict liability due to their actions regardless of state of mind causing plaintiff injury. Defendant is liable for strict liability.

20.     Defendants owe damages punitive and compensatory damages exceeding 75,000 dollars for plaintiff injury.  Defendants is liable for damages.

21.   Defendants intended to commit eggshell thin skill and should except plaintiff as he is from their actions that caused more injury. Defendants is liable eggshell thin skull.

22.     Defendants intended to commit law  doctrine  of  joint  and  several liability and all defendants jointly owe for plaintiffs injury.  Defendants is liable for joint and several liability.

## SECOND CAUSE OF ACTTON

### (Negligent Inflication of Emotional Distress)

23.     Plaintiff realleage and incorporate by reference all of the preceding paragraphs

24.     Defendants known and unknown governmental agents and the Department of Homeland & VA intended to commit negligent infliction of emotional distress.  Courts have held that a defendant that commits  negligent infliction of emotional distress (NIED) or (IIED) claim three conditions must be met extreme and outrageous conduct, which is intended to cause and does cause and severe emotional distress to another. Defendant negligent infliction of emotional distress was induced by harsh conduct that was foreseeable causing numerous severe mental complications was performed in

9

repeatedly organized ruthless mob sytle from the streets to Veterans Affairs doctors appointments all coordinated denial, harrasment and humililated caused migrains, chronic pain and mental injuries throughout a direct result of plaintiff injuries. Defendants is liable of negligent infliction of emotional distress. Defendants is liable for negligent infliction of emotional distress.

25.    Defendants owe damages compensation and punitive in a amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable of damages.

26.    Defendants known and unknown governmental agents and the Department of Homeland VA intended to commit foreseeability. Foreseeability is a person reasonably foresee that his or her activities would have caused the emotional distress. Defendants foreseeability of extreme bullying on a daily bases was fully aware of their actions an inactions causing ptsd, loss of sleep, humiliation, depression, anixety and other injuries. Defendants liable for forseenabilty.

27.    Defendants owe damages compenstory and punitive damages to plaintiff injury. Defendants is liable of damages.

28.    Defendants known and unknown governmental agents and the Department of Homeland intended to commit zone of danger. Zone of danger is area within which one is in actual physical peril from the negligent conduct of another person. Defendants zone of danger is soon as you drive down the street instantaneous knowing plantiff gps and radio frequency for satellite triangluarlization to track and locate. Defendants is liable of zone of danger.

10

29.     Defendants owe damages compensation in the amount exceeding 75,000 dollars for plaintiffs injury.  Defendants is liable for damages.

30.     Defendants intended to commit impact rule. Impact Rule is defendants actions caused damages to plaintiff like an assault.  Defendants committed impact rule by pushing on me attempting to start a fights arguments I could not escape it.  Defendants is liable impact rule.

31.     Defendants owe damages compensation and punitive damages for injury to plaintiff.  Defendants is liable for damages.

32.     Defendants intended to commit strict liability even deprived of thought all defendants owe damages for plaintiff injury.  Defendants is liable for strict liability.

33.     Defendants owe damages in the amount exceeding 75,000 dollars for plaintiff injury.  Defendants is liable for damages.

34.     Defendants intended to commit eggshell thin skull and should except plaintiff as he is from their actions that caused more injury. Defendants is liable eggshell thin skull.

35.     Defendants intended to commit common  law  doctrine  of  joint  and several   liability and all is responsible for damages and plaintiff injury.  Defendants is liable for joint and several.

### THIRD CAUSE OF ACTTON

### (Assault & Battery)

36.     Plaintiff realiege and incorporate by reference all of the preceding paragraphs

37.    Defendants known and unknown governmental agents and the Department of Homeland Security & VA intended to commit assault & battery. Courts have held a defendant commits battery for just intent. Assault & battery is intentional touching of, or application of force to, the body of another. Defendants assault & battery and by intent a to start a fight all across town called (street theater)(theatrics) or (drama) to a VA doctor ramming my hurt leg into door several times I told him to stop. Therefore, defendants is liable for assault & battery.

38.    Defendants owe damages compensatory and punitive in a amount exceeding 75,000 dollars plaintiff injury. Defendants is liable for damages.

39.    Defendants known and unknown agents and the Department of Homeland Security intended to commit contact. Contact is a act of touching physically. Defendants numerous diverse agents made contact by pushing plaintiff so hard caused pain thru out body to instigate a fight with plaintiff in different areas to bully and intimidate. Defendants is liable for contact.

40.    Defendants owe damages to plaintiff for damages in the amount that exceed 75,000 dollars. Defendants is liable for damages.

41.    Defendants known and unknown agents and the Department of Homeland Security & VA intended to commit harm to plaintiff. Harm is any wrong or harm done by one individual to another individual's body, rights, reputation, or property. Defendants battery, denied due process fabricated medical reports making it seem plaintiff could not think as if I could not fully remember or think for himself all in order to seek an advantage to protect the VA position, purposely denying appointments not wanting to see

12

plaintiff after fall and blaming plaintiff for using own medicine humiliated and shamed for seeking help after a fall threats, attempts to ruin integrity and battery cause injury to plaintiff. Defendants liable for causing harm.

42. Defendants owe damages owe plaintiff for his punitive damages in a amount exceeding 75,000 dollars for plaintiff injury.. Defendants is liable for damages.

43. Defendants intended to commit strict liability and liable for committing an action, regardless of intent or mental state. Defendants is liable for strict liability.

44. Defendants known and unknown agents and the Department of Homeland Security & VA owe damages punitive, compensatory and attorney fees for plaintiff injury Defendants is liable damages

45. Defendants intended to commit eggshell thin skill and should except plaintiff as he is from their actions that caused more injury. Defendants is liable eggshell thin skull.

46. Defendants intended to commit joint and several liability and all defendants owe for plaintiff injury for the full amount of the damages. Defendant is liable for joint and several.

## FOURTH CAUSE OF ACTTON

### (False Imprisonment & False arrest )

47. Plaintiff realiege and incorporate by reference all of the preceding paragraphs.

48. Defendants known and unknown governmental agents and the Department of Homeland Security &VA intended to commit false imprisonment. Courts have held a defendant commits false imprisonment restraining someone against their will includes

13

assault. False imprisonment is a false arrest or wrongful governmental detention. Defendants false inprisonment and false arrest intentionally restricted controlled and monitored by means of electronic wireless and radio frequencies plaintiff movements in a rolling false arrest and imprisonment in. Defendants is liable false inprisonment and false arrest.

49. Defendants owe damages in the amount exceeding 75,000 dollars for injury to plaintiff. Defendants is liable for damages.

50. Defendants known and unknown governmental agents and the Department of Homeland Security & VA intended to willfully act. Willfully is doing something intentionally, purposefully and stubbornly. Acts is something done or performed, a deed. Defendants with willfully acts intented to restrict and delay plaintiffs movements. Therefore, defendants is liable willfully acts.

51. Defendants owe damages for punitive and compensatory for injury to plaintiff. Defendants is liable for damages.

52. Defendants known and unknown governmental agents and the Department of Homeland Security & VA intended willfull detention. Willful is intentional; not accidental. Detention is the act of keeping back, restraining, or withholding by design a person or thing. Defendants was fully aware of their intentions to restrain by car, aircraft, restrict and control movements by satellite surveillance, automobile traced pen and trace and tracked by radio frequency and gps including the cities smart grid plaintiff fully knowning of being imprison without a means to escape.

53. Defendants owe damages in a amount exceeding 75, 000 dollars. Defendants is

14

liable for damages.

54. Defendants intended to commit strict liability regardless of mental state and owe damages for plaintiff injury. Defendants is liable for strict liability.

55. Defendants owe damages owed punitive and compensatory damages for injury to plaintiff. Defendants is liable for damages

56. Defendants intended to commit eggshell thin skill and should except plaintiff as he is from their actions that caused more injury. Defendants is liable eggshell thin skull.

57. Defendants intended to commit joint and several liability and owe for plaintiffs injury for the full amount of the damages. Defendants is liable for joint and several liability.

## FIFTH CAUSE OF ACTTON

### (Computer Fraud and Abuse Act)
### 18 U. S. C. 1030(a)(2)(C) 1030 (a) (5) (C)

58. Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

59. Defendants known and unknown agents and the Department of Homeland Security & VA intended to commit Computer Fraud and Abuse Act (CFAA). Courts have held a defendant commits (CFAA) must intend to perform unauthorized access of a computer or overuse is prohitbited. (CFAA) is the access of a protected computer without authorization or exceeding authorization. Defendants unauthorized remote access was prohibited and exceeded any amount of access time. Defendants is liable for Computer Fraud and Abuse Act.

60. Defendants owe for damages in the amount that exceeds 75,000 for plaintiff

15

injuries. Defendants is liable for damages.

61.     Defendants known and unknown agents and the Department of Homeland Security & VA intended to commit the unauthorized accessing. Unauthorized accessing is unauthorized without legal authority. Defendants unauthorized accessing computers, cellphones, automoblie electronics for monitoring, web development redesign and theft of information purposes causing plantiff injury. Defendants is liable for unauthorized accessing.

62.     Defendants owe plaintiff damages compensatory and puntive damages for injury to plaintiff. Defendants is liable for damages.

63.     Defendants known and unknown agents and the Department of Homeland Security & VA intended to commit the intent to either  obtain a information  by further fraud  with the intent to either damage the computer or its data.  Intent to either to is a determination to perform a particular act or to act in a particular manner for a specific reason; an aim or design; a resolution to use a certain means to reach an end (a) obtain information is to come into possession of get, acquire, or procure, as through an effort or by a request.  Further is  the act of helping, or an advancement. b) Fraud is fraud is intentional deception to secure unfair or unlawful gain, or to deprive a victim of a legal right. ... A hoax is a distinct concept that involves deliberate deception without the intention of gain or of materially damaging or depriving a victim. (c) damage the computer or its data is to take or alter data, or to gain unlawful use of computers or services. The act also criminalizes the use of computers to inflict damage to computer systems.  Defendants intent was to monitor, manage, steal and corrupt any hardware and

16

software rendering equipment and software useless after intrusion cause injury to plaintiff. Defendants is liable for violations of with the intent to either, obtain a information, by further fraud with the intent to either damage the computer or its data.

64. Defendants owe damages punitive and compensatory for injury to plaintiff. Defendants is liable for damages.

65. Defendants intended to commit strict liability and owe damages wholly for plaintiffs injury. Defendants is liable for strict liability.

66. Defendants owe damages in an amount exceeding 75,000 dollars. Defendants is liable for damages

67. Defendants intended to commit eggshell thin skill and should except plaintiff as he is from their actions that caused more damage. Defendants is liable eggshell thin skull.

68. Defendants intended to commit common joint and several liability and owe collectively causing injury to plaintiff. Defendants is liable for joint and several liability.

## SIXTH CAUSE OF ACTTON

### (Trespass to Chattel)

69. Plaintiff reallege and incorporate by reference all of the preceding paragraphs.

70. Defendants known and unknown agents and the Department of Homeland Security & VA intended to commit trespass to chattels. Courts have held a defendants commits trespass to chattel must have authorization prior to such intrusions. Trespass to chattel is a tort whereby one party intentionally interferes or intentionally intermeddles

17

with another person's lawful possession of a chattel. Defendants intentionally and without authorization access plaintiffs car electronic, cellphones, laptops, radio frequency for tap and trace injecting malicious code for unlawful compromising tracking, monitoring all unathorized access. Defendants is liable trespass to chattel.

71. Defendants owe damages for compensatory and punitive for plaintiff injury. Defendants is liable for damages.

72. Defendants known and unknown agents and the Department of Homeland Security & VA intended to commit lack of plaintiff consent to trespass. Lack of plaintiff consent to tresspass is giving authorization to physically be on land or electronic devices. Defendants lack of plaintiff consent trespass breach all unauthorized access to electronics inside car, cellphones computers, radio by injecting malicious code to monitor, trace and Defendants is liable of lack of plaintiff consent.

73. Defendant owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

74. Defendants known and unknown agents and the Department of Homeland Security intended to commit interference or intermeddling with possessory interest, Interference or intermeddling with possessory interest is breach of property or electronics with all intend on possession to monitor subject actions. Defendants interference or intermeddling with possessory interest was used as a defensive tool to monitor, control and destroy plaintiffs' electronics. Defendants is liable for interference or intermeddling with possessory interest.

75. Defendants owe damages punitive damages in an amount exceeding 75,000

18

dollars for plaintiff injury. Defendants is liable for damages.

76. Defendants known and unknown agents and the Department of Homeland Security intended to commit the intentionality of the defendant's actions. The intentionality of the defendant's actions is premediated actions to breach anothers property. Defendants the intentionality of the defendant's actions was to posses plaintiff electronics to monitor and control all actions without authorization causing plaintiff injuries. Defendants is liable for intentionlity of the defendants actions.

77. Defendants owe damages in the amount exceeding 75,000 dollars. Defendants is liable for damages.

78. Defendants intended to commit strict liability is all defendants regardless of mental state is responsible for plaintiff injury. Defendants is liable for strict liability.

79. Defendants owe damages compensatory and punitive for pain and suffering for plaintiff injury.

80. Defendants intended to commit eggshell thin skill and should except plaintiff as he is from their actions that caused more injury. Defendants is liable eggshell thin skull.

81. Defendants intended to commit common law doctrine of joint and several liability all defendants owe for damages for plaintiff injuries. Defendants is liable for joint and several.

## SEVENTH CAUSE OF ACTTON
### (Negligence)

82. Plaintiff realleage and incorporate by reference all of the preceding paragraphs.

83. Defendants known and unknown governmental agents and the Department of

19

Homeland Security intended to commit negligence. Courts have held a defendants commits fraud shown to have been the proximate causes or one of the proximate causes of the plaintiff's injuries. Negligence is failure to use reasonable care, resulting in damage or injury to another. Defendants negligence in the proformance of their duties of care was the proximate causes of plaintiffs' injuries. Defendants is liable for negligence.

84. Defendants owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

85. Defendants known and unknown governmental agents and the Department of Homeland Security intended to commit duty of care. Duty of care means to take reasonably care not to cause harm to another person that could be reasonably forseen. Defendants had a duty of care to ensure plaintiff safety throughtout their mob bullying activities. Defendants owe a duty to plaintiff and is liable.

86. Defendants owe damages punitive and compensatory. Defendants is liable for damages.

87. Defendants known and unknown governmental agents and the Department of Homeland Security intended to commit breach. Defendants breach is duties while in the care of person breach occurred. Breach means duty of care. Defendants breach duty of care not insuring plaintiff was safe from harm and injury thus causing an injury. Therefore, is liable for breach of his duties.

88. Defendants owe damages in the amount exceeding 75,000 dollars. Defendants is liable for damages

89. Defendant intended to commit reasonable person failed at the standard of a

20

prudent person in a similiar position objectively the defendant is held at a higher standard goverment agents, VA doctors, nurses and personel should have known bullying, harrassnent and not allowing plaintiff to attend doctor appointments repeatedly and using positions of power to intimidate is opposite of a reasonable prudent person. Defendants is liable for reasonable person.

90.    Defendants owe damages in the amount exceeding 75,000 dollars. Defendants is liable for damages.

91.    Defendants known and unknown governmental agents and the Department of Homeland Security intended to commit cauation. Causation provides a means of connecting conduct with a resulting effect, typically an injury. Defendants omissions and lack of watchfulness are the causes of plaintiffs injuries. Defendant "last clear chance" to correct their gangstalking battery and bullying. Defendants is liable for causation.

92.    Defendants owe damages for pain and suffering in amount exceeding 75,000 dollars Defendants is liable for damages.

93.    Defendants known and unknown governmental agents and the Department of Homeland Security intended to commit proximate cause. Proximate cause is a event, which in a natural and continous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred. Defendants is the proximate cause for intently repeatly monitored, harrassed and humiliated in public everywhere 24 hrs 7 days a week causing plantiff mental and physical injury. Defendants is liable of proximate cause.

94.    Defendants owe damages in an amount exceeding 75,000 dollars for plaintiff

injury. Defendants liable for damages.

## RES ISPA LOQUITUR

95.    Defendants known and unknown governmental agents and the Department of
Homeland Security & VA commit res ispa loquitur.  Courts have held that a defendant
committed res ispa loquitur if the occurance speaks for itself.  Res ispa loquitur is a tort
laws absence of direct evidence on how any defendant behaved..  Defendants res ispa
loquitur committed battery by picking fights pushing on plantiff, VA doctors nurses and
staff denied important VA speciality appointments continuiously and attempting to give
plaintiff a bad reputation, and falsifying medical I order medicine and it dont show up and
police reports in attempt to cover up fall and Homeland Security agents kept disabling
plaintiff vehicle in a attempt to keep pliantiff under false arrest confinment and rolling
confinment hacking cars onstar and location via raido frequency in the vehicle out in
town via the smart grid, assault and battery causing depression, loss of sleep, ptsd and
nightmares.  Defendants is liable for  res ispa loquitur.

96.   Defendants owe damages punitive and compensatory damages exceeding 75,000
dollars for plaintiff injury.  Defendants is liable for damages.

97.    Defendants known and unknown governmental agents and the Department of
Homeland Security & VA intended to commit harm.  Harm is physical or mental damage.
Defendants harm cause loss of sleep, ptsd, depression and nightmares from 24 hours 7
days of week of goverment harrassment bullying and stalking.  Defendants liable of harm.

98.    Defendant owe damages in the amount exceeding 75,000 dollars for plaintiff

injury. Defendants is liable for damages.

99. Defendants known and unknown governmental agents and the Department of Homeland Security & VA intented to commit fault. Fault is held to embrace a refusal to perform an action that one is legally obligated to do. Defendants fault was solely negligence action without plaintiffs participation or fault resulting in plaintiffs injury. Defendants is liable for fault.

100. Defendant owe damages in a amount exceeding 75,000 dollars. Defendants is liable for damages.

101. Defendants known and unknown governmental agents and the Department of Homeland Security & VA intended to commit a establish connection. Establish connection is connection between two persons or group of people. Defendants establish a connection with plaintiff around the clock via pen trap register, satellite, stingray, radio frequency and smart grid technologies. Defendants is liable for establish connection.

102. Defendants owe damages punitive and compensatory damages for plaintiff injury. Defendants is liable for damages.

103. Defendants intended to commit strict liability. Strict liability is commtted act regardless of mental state. Defendants strict liability was intended regardless of their mental condition Defendants is liable for strict liability.

104. Defendants owe damages in the amount exceeding 75,000 dollars for plaintiff injury. Defendants is liable for damages.

23

105.   Defendants intended to commit eggshell thin skill and should except plaintiff as he is from their actions that caused more damage. Defendants is liable eggshell thin skull.

106.   Defendents intended to commit common law doctrine of joint and several and is wholly responsible for injury to plaintiff. Defendants is liable for joint and several.

107.   As a result of Defendants illegal actions plaintiff suffered physical injuries, fear, humiliation, anger, outrage, loss of sleep, ptsd, and other emotional and physical distress.

108.   By the conduct alleged above, Plaintiff was deprived of his constitutional rights and due process to obstruction justice and deny equal due process under the law.

109.   The acts alleged above were done intentionally, willfully, maliciously, wantonly with reckless disregard for the safety of the Plaintiff.

110.   At times and dates indicated and herein alleged, each defendant had a duty to keep plaintiff secure from unlawful and racist assault, battery, false confinement and false arrest.

111.   Notwithstanding the duties owed to Plaintiff, the Defendants failed to prevent tthe wrongs complained of herein, in violation of 28 U.S.C. § 1331.


**WHEREFORE,** the Plaintiff prays this court:


A.   For compensatory & punitive damages, injunctive relief and in a amount

exceeding 75,000 dollars for the physical and emotional damage he has suffered.

      B.     For such other relief as law and equity allow, including costs and reasonable interim and final attorneys fees.

        I declare under penalty of perjury that the foregoing is true and correct.

DATED: 9/28/2020                                    .

                                 Andre Antonio Davis, Plaintiff in Pro Per

## DEMAND FOR JURY TRIAL

        Pursuant to Rule 38 (b), plaintiff demands trial by jury

DATED:  9/28/2020;

                                 Andre Antonio Davis, Plaintiff in Pro Per