| | |
|---|---|
| Andre Antonio Davis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Donald J. Trump, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on initial review of the *pro se* Amended Complaint, (Doc. No. 8). Also pending is Plaintiff's Second Motion to Proceed in Forma Pauperis, (Doc. No. 9), and Plaintiff's Pro Se Motion for Recusal. (Doc. No. 7).

I. **BACKGROUND**

Pro se Plaintiff filed his Amended Complaint on November 6, 2020, which he purports to bring pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc No. 8). The Amended Complaint names more than 60 individual Defendants, including President Donald J. Trump, Jared Kushner, Ivanka Trump, and National Security Advisor Robert C. O'Brien. (Doc. No. 8, p. 2). Plaintiff alleges Defendants are liable for various state torts, including intentional infliction of emotional distress, negligence, and trespass to chattels, as well as a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. See generally (Doc. No. 8). All claims appear to flow from the following factual allegations:

> [a]fter having a foreseeable fall and rushed to outside hospital in August 16, 2018 at South Charlotte VA. Afterwards, was promised appointments to be seen an [sic] was delayed, denied and gerrymandered the whole time denying do process [sic] thru out [sic] the VA system and they sent individual of the Homeland Security to stop and block my efforts by imprisonment in a matrix rovering [sic] maximum security prison without no way out.

(Doc. No. 8, pp. 4-5). As relief, Plaintiff seeks compensatory and punitive damages in excess of $75,000 and any other relief justified by law. Id. at p. 21.

II. **MOTION FOR RECUSAL**

The court first addresses Plaintiff's Motion for Recusal. (Doc. No. 7). Plaintiff asserts this Court is biased and "may not render an impartial decision" and cites this Court's Order denying Plaintiff's first IFP Motion, (Doc. No. 4), as factual support for his contention. (Doc. No. 7). A judge must recuse when his or her impartiality might reasonably be questioned. 28 U.S.C. § 455(a) (2018). Any alleged bias or impartiality "must derive from an extra-judicial source. It must result in an opinion on the merits on a basis other than that learned by the judge in his participation in the matter." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). "The nature of the judge's bias must be personal and not judicial." Id. (citing Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984)). Plaintiff has failed to show how any alleged bias on the undersigned's part stems from any source other than this Court's unfavorable ruling on Plaintiff's first IFP Motion. An unfavorable ruling simply does not in itself show bias, no matter how strongly a party believes that the ruling should have gone his or her way. Accordingly, Plaintiff's Pro Se Motion for Recusal is DENIED.

III. **SECOND IFP MOTION**

The Court now turns to Plaintiff's Second Motion to Proceed in Forma Pauperis (Doc. No. 9). The affidavit shows that he has $1,849.00 in monthly income from disability and public assistance.[1] (Doc. No. 2, p. 2); see also (Doc. No. 7) ("For the record my paid income is 1849.00

---

[1] The Court notes that Plaintiff's Second Motion appears to be an unaltered resubmission of Plaintiff's First Motion to Proceed in Forma Pauperis. Compare (Doc. No. 2) with (Doc. No. 9). The only difference is that the Second Motion is missing page 2 of AO Form 239. (Doc. No. 9). As such, the Court considers both affidavits in ruling on Plaintiff's Second Motion to Proceed in Forma Pauperis.

monthly for the past 12 months every month and next month."). As assets, he lists two "wrecked" motor vehicles worth a total of $200. (Doc. No. 9, p. 2). Plaintiff also asserts he is owed $1,000 from his brother but notes that his brother can "only pay $150 a month that help [sic] with gas food cable [sic]." (Doc. No. 9, pp. 2, 4). Plaintiff claims monthly expenses totaling $1840, including $1,031 for housing, $215 for utilities, $40 for home maintenance, $60 for food, $10 for laundry, $45 for medical/dental expenses, $50 for transportation, and $60 for entertainment. Id. at p. 3. He also claims insurance payments totaling $119, installment payments amounting to $135, and medical bills totaling $75. Id. at pp. 3-4. Plaintiff asserts he does not expect any major changes in his financial status over the next 12 months and anticipates incurring $100 in expenses or attorney fees in conjunction with this action. Id. at p. 9. He further explains his inability to pay the costs of this action as follows:

> car repair gas pump 300.00 cash plus 100.00 for part depleted my savings I have proof. My brother can only pay 150.00 a month that help with gas food cable. I pray this Court to allow me permission to proceed I'm indigent disable[d] honorable discharged vet and cannot afford to even serve the papers.

Id. at p. 4. The Court is satisfied that Mr. Davis does not have sufficient funds to pay the filing fee. Accordingly, the Court will allow the Application and permit Mr. Davis to proceed *in forma pauperis*.

**IV. AMENDED COMPLAINT**

Because Mr. Fields is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). The liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiff's Amended Complaint is severely deficient. Plaintiff asserts this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 but fails to provide information about any of the Defendants' domicile. Plaintiff likewise fails to establish that this Court has personal jurisdiction over Defendants. The factual allegations in the Amended Complaint are so deficient that the Court is unable to discern which Defendants are allegedly liable for each tort. Moreover, it is unclear what facts, if any, support each cause of action. In short, Plaintiff's Amended Complaint is frivolous and fails to state any claim upon which relief may be granted.[2] Accordingly, Plaintiff's Amended Complaint is DISMISSED without prejudice.

### V. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS the following:

1. Plaintiff's Motion for Recusal, (Doc. No. 7), is DENIED.
2. Plaintiff's Second Motion to Proceed in Forma Pauperis, (Doc. No. 9), is GRANTED.
3. Plaintiff's Amended Complain is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

---

[2] Additionally, immunity bars Plaintiff's claims for monetary relief against at least one, and likely more, Defendant(s). See Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982) (holding that the President of the United States is "entitled to absolute immunity from damages liability predicated on his official acts"); see also 28 U.S.C. § 1915(e)(2)(B)(iii).

4. The Clerk of Court is respectfully directed to CLOSE this case.

IT IS SO ORDERED.

Signed: November 10, 2020

Frank D. Whitney
United States District Judge